IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES of AMERICA, *ex rel.* KEAVENEY, *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 1:13-CV-855 (EGS/GMH) |
| v. | ) ) ) | |
| SRA INTERNATIONAL, INC., *et al.*, | ) ) | |
| Defendants. | ) ) | |

## PROTECTIVE ORDER

In order to preserve and maintain the confidentiality of certain documents to be produced in relation to the above-captioned litigation (the "Action"), and the Parties having so stipulated, it is ordered that:

1.    **Scope of Order.** This protective order (the "Order") shall govern all non-public information, documents, data, things, deposition testimony, and interrogatory answers produced, given, or served through formal discovery in this Action or in response to investigative subpoenas served in advance of the unsealing of this Action along with any information derived therefrom (collectively, "Litigation Material"). This Order does not apply to documents and information that have already been disclosed through unsealed court filings in this litigation. "Party," as used herein, means a named plaintiff or defendant in this Action. "Non-Party" as used herein, means any person or entity who is not a Party and who produces any Litigation Material in this Action.

2.     **Confidential Information.**  At or prior to the time of production or disclosure, a Party or Non-Party may designate as "Confidential" any Litigation Material, or any portion thereof, produced or disclosed by or on behalf of that Party or Non-Party that contains private personal information, including financial information, or that contains trade secrets, commercially or competitively sensitive information, including confidential research or development information, or information subject to protection under applicable law or regulation ("Confidential Information"), or designate as "Attorneys' Eyes Only" any Litigation Material, or any portion thereof, produced or disclosed by or on behalf of that Party or Non-Party that contains cost or pricing information dated March 10, 2015 or later that is commercially sensitive, contains trade secrets, or is otherwise extremely proprietary or confidential such that disclosure of this information, if reviewed by anyone other than attorneys, will significantly harm the designating party ("Attorneys' Eyes Only Information").  A Party may also designate Litigation Material produced by any other Party or by any Non-Party as Confidential or Attorneys' Eyes Only, provided that the designating party has a good faith basis for doing so, by providing written notice of said designation within 15 days of the last dated production of the relevant Litigation Material to any Party.  If the production is sufficiently voluminous, a Party may request the Court to grant additional time in which to provide written notice of designation as Confidential or Attorneys' Eyes Only, or the Parties may agree to an extension by stipulation.

Confidential Information also includes any document produced in response to an earlier investigative subpoena but, because a defendant asserts the document is not

responsive to a Request for Production of Documents, is not reproduced in response to a Request for Production of Documents.

The Parties may not designate as Confidential or Attorneys' Eyes Only any documents that are properly in the public domain or that have been voluntarily disclosed to the public, including documents used or referenced in unsealed court filings in this litigation. Documents that were previously designated Confidential or Attorneys' Eyes Only but that are subsequently voluntarily disclosed to or made available to the public shall lose their Confidential or Attorneys' Eyes Only designation.

With respect to documents Relators have already provided to the government and that were not included or referenced in unsealed court filings in this litigation, to the extent such documents are not based on information obtained from Defendants' documents, they are not subject to this Order. However, documents Relators have already provided to the government that were obtained initially from the Defendants, either directly or through the Department of Defense, and that were not included or referenced in unsealed court filings in this litigation are subject to this Order.

Confidential and Attorneys' Eyes Only Information shall include any copy or other reproductions, excerpts, summaries, abstracts, or other documents that paraphrase, excerpt, or contain documents or portions of documents designated as Confidential or Attorneys' Eyes Only.

Confidential and Attorneys' Eyes Only Information shall be designated as such by stamping or labeling the pages of the document with the legend "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO ORDER," or "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SUBJECT TO ORDER" or by taking other reasonable steps to so designate the information or documents, including identification of the information at

depositions.  Designation of Confidential or Attorneys' Eyes Only Information shall be made at or prior to the time of production for documents or, in the case of deposition transcripts and documents produced by Non-Parties, within 15 days of receiving the deposition transcript or documents.  Until the designation period has elapsed for a given deposition transcript, that transcript shall be treated as Attorneys' Eyes Only Information and shall be subject to the provisions hereof.  When information contained or incorporated in a deposition transcript is designated as Confidential or Attorneys' Eyes Only, arrangements shall be made with the court reporter to label the relevant pages accordingly.

3.    **Use of Confidential or Attorneys' Eyes Only Information.**  In the absence of written permission from the designating Party or Non-Party, or an order of this Court, Confidential or Attorneys' Eyes Only Information shall be used solely for the purposes of this Action and shall not be used, made available, or disclosed for the purposes of any other litigation, investigation, inquiry, judicial or administrative proceeding, dispute or case, or used for any commercial, business, competitive, or other purpose, except as expressly provided in this order.  Confidential and Attorneys' Eyes Only Information shall not be made available, nor the contents thereof disclosed, to persons other than Authorized Persons, as defined and permitted in Paragraphs 4 and 5 below.

4.    **Authorized Persons**.  Authorized Persons, as used herein, shall include only the following:

(a) Any court, mediator, or arbitrator handling any aspect of this case, including their personnel, and court reporters and videographers transcribing or recording testimony at depositions or hearings;

4

(b) Outside counsel for the parties retained on this Action and on other matters related to this Action, including contract attorneys, regularly or temporarily employed support personnel, and outside vendors as reasonably incident to discovery and to the preparation for trial;

(c) In-house counsel for any Party, including regularly employed support personnel as necessarily incident to discovery and to the preparation for trial;

(d) Outside consultants and/or experts engaged or used by a Party hereto for the purpose of this Action;

(e) Outside or in-house counsel for insurance companies or other indemnitors of any party from which a Party claims coverage or that are providing coverage for claims;

(f) Any person who authored or previously received the document or information either before or after its designation as Confidential or Attorneys' Eyes Only;

(g) Potential witnesses, witnesses noticed for depositions, and designated witnesses for trial, and their counsel in connection with their testimony or in preparation therefor;

(h) Any other person agreed to in writing by counsel for the Party designating the materials as confidential, as necessarily incident to discovery and/or the preparation for trial of this matter;

(i) Any party to this action who is an individual and every current or former employee, director, officer, or manager of any party to this Action who is not an individual, but only to the extent necessary to further the interests of the parties in this litigation.

5. **Agreement by Authorized Persons.** Confidential and Attorneys' Eyes Only Information shall not be made available to any Authorized Person unless such Authorized Person has first read this Order and has agreed: (1) to be bound by the terms thereof; (2) to maintain the confidentiality of the information and not to use or disclose it to anyone other

than as provided therein; and (3) to use such information solely for the purpose of this Action or as provided in this Order. Subject to compliance with the requirements in the foregoing sentence, Confidential Information may be made available to any Authorized Person listed in Paragraph 4(a) through 4(h). Authorized Persons under 4(d) through 4(h) who will be shown Confidential Information shall also sign the certification attached hereto as Exhibit A. Use of any information, documents, or portions of documents marked "Attorneys' Eyes Only," including all information derived therefrom, shall be restricted solely to the persons listed in Paragraphs 4(a) through 4(d) and 4(f), provided that the Authorized Person has agreed to the requirements set forth in the first sentence of this paragraph. Authorized Persons under Paragraphs 4(d) and 4(f) who will be shown Attorneys' Eyes Only Information must first read sign the certification attached hereto as Exhibit A before reviewing any information designated as Attorneys' Eyes Only. Clerical or other non-professional personnel need not sign the certification if their supervisors have done so, provided that the supervisors have communicated to the clerical or non-professional personnel under their supervision the nature of their obligations and responsibilities pursuant to this Order. This Order shall bind counsel for each Party or Non-Party, his or her law firm, clerical and support personnel employed by such law firm, his or her co-counsel, and clerical and support personnel employed by such co-counsel.

Certifications are to remain strictly confidential. Counsel for each Party shall maintain the certifications without giving copies to the other side. The Parties expressly agree, and it is hereby ordered that, except in the event of a violation of this order, they will make no attempt to seek copies of the certifications or to determine the identities of persons

6

signing them. If the Court finds that any disclosure is necessary to investigate a violation of this Order, the disclosure will be limited to outside counsel only and outside counsel shall not disclose any information to their clients that could tend to identify any certification signatory unless and until there is specific evidence that a particular signatory may have violated the Order, in which case limited disclosure may be made with respect to that signatory.

Documents designated as Confidential or Attorneys' Eyes Only may be shown to any witness while testifying, at deposition or otherwise, so long as the witness is first shown a copy of this Order and is advised of the confidentiality of the designated material, and the possibility of legal sanctions, including contempt of court, for violating the Order.

6. **Modification or Objection to Designation.** In the event that any Party objects to the designation of any material as Confidential or Attorneys' Eyes Only Information, such Party may, in writing, request that the producing Party or Non-Party remove the designation. Such written request shall specifically identify the document(s) at issue and the reason for the request. The producing Party or Non-Party, through counsel, shall respond in writing within 10 calendar days of receipt of the written request, or within such other period of time as may be designated by order of the Court or agreement of the parties. If the producing Party or Non-Party refuses to remove the Confidential or Attorneys' Eyes Only designation, its written response shall state the reasons for the refusal. Notwithstanding the foregoing, failure to provide a timely written response shall be deemed a refusal of the request. If the producing Party or Non-Party fails to respond to a request or refuses to remove the Confidential or Attorneys' Eyes Only designation, any Party may, after 14 calendar days from a timely written response or refusal, or such other period of time as the parties may

agree, file a motion for an order requiring that the producing Party or Non-Party remove the Confidential or Attorneys' Eyes Only designation. In the event of such a motion, the material at issue may be submitted to the Court for an *in camera* inspection. The proponent of retaining the Confidential or Attorneys' Eyes Only designation of the document shall have the burden of proof as defined under existing law.

Notwithstanding any objection to the designation of material as Confidential or Attorneys' Eyes Only, documents designated as Confidential or Attorneys' Eyes Only Information shall be treated as such and shall be subject to the provisions hereof unless one of the following occurs: (a) the Party or Non-Party who designated the Litigation Material as Confidential or Attorneys' Eyes Only Information gives written notice to all Parties of its intent to change or remove such designation; or (b) the Court orders the designating Party or Non-Party to change or remove such designation pursuant to a motion by the objecting Party.

7.      **Time Period for Protection.** Except as otherwise provided below, any Litigation Material designated by the producing Party as Confidential or Attorneys' Eyes Only shall be subject to the provisions of this Order until the Parties agree in writing or a court order otherwise directs.

8.      **Document Production and Exhibits.** Confidential Litigation Material shall be designated by the Party or Non-Party producing such Litigation Material ("producing Non-Party") as "Confidential" by including a legend of "Confidential" on each page thereof as to which confidentiality is claimed. All copies of Litigation Material stamped 'Confidential" shall also be designated "Confidential." Any mark made to identify a document as "Confidential" shall be made so as not to obscure any of the Litigation

Material's content. With respect to any Materials designated "Confidential" that are not produced in paper form (such as diskettes, magnetic media, and other Material not produced in paper form) and that is not susceptible to the imprinting of a stamp signifying its confidential nature, the producing Party shall, to the extent practicable, produce such Material with a cover labeled "Confidential" and shall inform all counsel in writing of the "Confidential" designation of such Material at the time such Material is produced.

9.      **Documents Generated During Suit.** All pleadings, motions, memoranda, briefs, deposition transcripts, discovery requests and responses, exhibits, and other documents that produce, attach, quote paraphrase, summarize, or otherwise contain any information designated as Confidential or Attorneys' Eyes Only by a Party, if filed with the Court, shall be filed pursuant to the rules governing sealed documents, as set forth in CM/ECF procedures of the United States District Court for the District of Columbia. Any courtesy copies served on the Court shall be filed in an envelope labeled with the caption of the suit, a description of the contents of the envelope, the words "Confidential" or "Attorneys' Eyes Only," and the following statement:

**"FILED UNDER SEAL PURSUANT TO COURT ORDER"**

For documents too voluminous to be filed easily within an envelope, those documents shall be filed in a binder labeled with the caption of the suit, a description of the contents of binder, the words "Confidential" or "Attorneys' Eyes Only," and the statement described above.

10.     **Depositions.** Any Party or producing Non-Party deponent or its counsel may designate a deposition of that party or of an employee or authorized representative of that

party or portion thereof as "Confidential" Litigation Material by making such designation on the record during the deposition or by denominating by page and line of those portions of the deposition that are to be considered "Confidential" within 14 days of receiving the final transcript and exhibits and so informing all other parties of such designation. Until the 14-day period to designate deposition testimony as "Confidential" has passed, the entire deposition transcript and any exhibits not previously designated shall be treated as "Confidential." Any portion of a deposition so designated shall not be filed with the Court except in accordance with Paragraph 8 of this Order. Notwithstanding the above, persons attending depositions by agreement of the Parties must leave the room before any discussion of "Confidential" Litigation Material that such person is not entitled to hear, see, or review under the provisions of this Order. (The preceding sentencing does not apply to the Relators, who are permitted to attend all depositions in their entirety)._ Should the need arise to use designated materials as exhibits to a deposition, a Non-Party deponent shall execute the Confidentiality Agreement.

11.    **Restrictions on Use of Confidential Material.** Except as agreed by the designating Party, Non-Party or its counsel or as otherwise provided herein, information designated as "Confidential":

a.    Shall be maintained in confidence by the counsel to which it is furnished;

b.    May be disclosed by such counsel only to Authorized Persons entitled to access thereto under Paragraphs 12 and 13 below;

10

c.    May be used by such counsel and the Authorized Person to whom it is disclosed only for the purposes of this Action, including during depositions, and for no other purpose; and

d.    May be photocopied or reproduced only as reasonably necessary for this Action.

Nothing herein shall prevent disclosure beyond the terms of this Order if the Party or producing Non-Party designating the information as "Confidential" consents in writing to such disclosure. Without modifying or limiting the above, nothing herein shall prevent any counsel of record from using "Confidential" information in the examination or cross-examination of any person reasonably believed to be the author, original source, or recipient of the "Confidential" information, or the designated representative of the Party or producing Non-Party who produced the "Confidential" information.

12.    **Authorized Users of Confidential Materials.** Except as agreed by the designating Party, producing Non-Party, or its counsel or as otherwise provided herein, Confidential Litigation Material subject to this Order or extracts or summaries therefrom shall not be given or shown to any person except the following ("Authorized Persons"):

a.    In-house counsel and outside attorneys of record for any Party engaged in the litigation of this Action and the regular employees of such attorneys to whom it is necessary that the material be shown for purposes of this Action.

b.    Any individual Party and employees of a corporate Party actively engaged in assisting that Party's attorneys in the conduct of this litigation, to

the extent reasonably necessary to enable the attorneys for that party to render professional services in the litigation.

c.      Persons who are not owners, officers, directors, managers, shareholders, or employees of any Party but who are expressly retained to assist such Party's counsel ("Retaining Counsel") in the preparation of this Action for trial, including consulting and testifying experts, independent auditors, accountants, statisticians, economists, and other experts, and the employees of such persons ("Outside Experts"), after such Outside Expert has signed and delivered to Retaining Counsel a statement in the form annexed hereto as Exhibit A.

d.      A Party's outside copy/document preparation service, including e-discovery consultants and trial consultants.

e.      The Court, other court officials, including court reporters, and the trier of fact pursuant to a sealing order.

f.      Any mediator or other alternative dispute resolution specialist.

g.      Any other person who subsequently is designated (i) by written agreement of all the Parties after a request by one of them, or (ii) by order of the Court upon motion by a Party, after notice to all the Parties.

h.      Mock jurors, provided all mock jurors agree in writing to be bound by the terms of this Order.

No person allowed to view "Confidential" Litigation Material shall use it for any purpose except as needed solely in connection with or to assist in the prosecution or defense

12

of the claims among the Parties in this Action, and each person shall make best efforts necessary to protect the confidentiality of the material.

13.    **Disclosure to Unauthorized Persons.**  If counsel wishes to disclose "Confidential" Litigation Material to any person not designated in Paragraph 12 above, they must proceed in the following manner:  the names of the persons to whom "Confidential" Litigation Material is to be disclosed, a description of the material to be disclosed to such person and a brief statement of the person's connection to the case shall be provided in writing to counsel for all Parties 14 days in advance of any such proposed disclosure to afford counsel an opportunity to object to the disclosure.  If no objection is made within the 14-day period, disclosure to such named persons may be made after the expiration of that period.  If an objection is made within the 14-day period, the Party proposing the disclosure must seek an order from the Court to allow the proposed disclosure, and such material shall not be disclosed pending a decision by the Court on such motion.  Any person who becomes authorized to receive "Confidential" Litigation Material pursuant to this paragraph (whether such authorization arises from the lack of an objection or from the Court's ruling on a motion for disclosure) shall, prior to the receipt of such material, execute and deliver to counsel a statement in the form annexed hereto as Exhibit A.  Disclosures made to all persons to whom disclosures are permitted hereunder shall be made subject to and in accordance with the terms of this Order.

If a Party or its counsel receives a discovery request, subpoena, or order of any court or other tribunal in another case or proceeding for materials designated by another Party to this case as "Confidential," the Party receiving the request for such materials shall (a) within

13

two business days of the receipt of such request or demand, and prior to responding to the request or demand, notify in writing counsel for the Party whose material is sought and further provide a copy of the request or demand; (b) provide a reasonable time for the Party whose material is sought to seek to protect its material from disclosure prior to producing or disclosing the requested information; and (c) provided that the Party whose material is sought makes a timely motion or other application for relief from the request or demand in the appropriate forum, shall not produce or disclose the requested information without written consent of the Party whose material is sought or until ordered by a court of competent jurisdiction to do so.

14.    **Challenging Designation.**  If any Party believes that any Litigation Material that has been designated "Confidential" should not be subject to this Order, that Party must notify the producing Party in writing and provide a description of the Litigation Material the objecting Party believes should be freed from the constraints of this Order, and serve copies of such notice to counsel for all other Parties.  Counsel shall confer in good faith in an effort to resolve any dispute concerning such designation.  If the objection cannot be resolved by agreement within 14 days from the date of service of the written objection, the producing Party shall make motion to the Court for an order determining whether the information at issue is subject to this Order.  The Party asserting the "Confidential" designation shall have the burden of showing why such information is entitled to confidential treatment.  No presumption of weight will attach to the initial designation of material as "Confidential."  If such a motion is filed on or before the 14th day after the date of service of the written objection, the protection afforded by this Order shall continue until the Court makes a

decision on the motion. Failure of the producing Party to file a motion within that time shall be deemed a waiver of the designation of the challenged material.

15.     **Use of Confidential Material at Trial.**  In the event that any "Confidential" Litigation Material is used at trial or in any hearing in this Action, it shall not lose its confidential status through such use, and the Party using such shall take all reasonable steps to maintain its confidentiality during such use, including by requesting that the Court seal any transcript with respect to such trial or hearing.

16.     **No Waiver.**  This Order shall not be deemed a waiver of:

   a.     Any Party's right to object to any discovery requests on any ground;

   b.     Any Party's right to seek an order compelling discovery with respect to any discovery request;

   c.     Any Party's right to object to the admission of any evidence on any ground;

   d.     Any Party's right to use its own documents and its own "Confidential" Litigation Material in its sole and complete discretion; or

   f.     The status of any material as a trade secret.

17.     **Retroactive Designation and Inadvertent Disclosure.**  Documents or other information previously disclosed may be retroactively designated by the producing Party by notice in writing of the designated class of each document, including by Bates number. The inadvertent or unintentional designation or production of documents containing, or other disclosure of, information without being designated as Confidential or Attorneys' Eyes Only at the time of designation, production, or disclosure shall not be deemed a waiver in whole or

in part of a Party's claim of confidentiality or secrecy, either as to the specific information or as to any other information relating thereto or on the same or related subject matter. Any inadvertent designation or disclosure shall be corrected as soon as reasonably possible after the designating Party or producing Non-Party becomes aware of the error. The production of documents or other tangible things pursuant to a request for production by a Party or producing Non-Party herein shall not be deemed a waiver of any right by the producing Party to object to the admissibility of such document or other thing on grounds of relevancy, materiality, privilege, or other valid ground of objection. This paragraph does not apply to documents or information already in the public record, including in the unsealed court filings in this litigation.

18.    **Inadvertent Production of Privileged Materials**. In the event that a Party or producing Non-Party asserts that it inadvertently failed to designate any production materials or other information as privileged materials, it shall promptly notify all Parties to whom such privileged material was produced or disclosed of the producing Party's or producing Non-Party's intent to assert a claim of privilege or work product over such materials. Upon such notice:

a.    If the receiving Party intends to challenge the designation of the document(s) as privileged material, it shall promptly sequester all copies of the document(s), pending Court resolution of the challenge. As part of its challenge, the receiving Party may reference the contents of and attach the challenged discovery material in any related submission to the Court, provided the filing is made under seal. Following notice by the producing Party or producing Non-Party, the receiving

Party (i) must not use or disclose the privileged material until the claim is resolved, and (ii) must take reasonable steps to retrieve the information if the receiving Party disclosed it to others before being notified by the producing Party or producing Non-Party. If the receiving Party intends to challenge the designation of the material as privileged, it shall move the Court for relief within 14 days following receipt of notification by the producing Party or producing Non-Party.

b.    If the receiving Party does not intend to challenge the designation of the document(s) as privileged material, the receiving Party shall (i) take reasonable steps to retrieve the material if it disclosed or disseminated such information before being notified, and (ii) promptly return or certify destruction of the privileged material, including all copies. For purposes of this provision, return or certification of destruction of the material shall be considered prompt if it occurs within 14 days of notification. The producing Party or producing Non-Party shall pay all reasonable costs, fees, and expenses in retrieving all copies of such inadvertently produced privileged materials.

Where the Parties agree, or the Court orders, that inadvertently produced material is protected by the attorney-client privilege, work product protection, or other privilege and such material was originally produced in electronic format on media containing production materials, the producing Party or producing Non-Party shall promptly provide replacement production media, omitting the privileged material, to the receiving Party.

19.    **Parties' Own Information.** Nothing in this Order shall limit any producing Party's or Non-Party's use of its own documents or shall prevent any producing Party or

17

Non-Party from disclosing its Confidential or Attorneys' Eyes Only Information to any person. A Party or Non-Party may provide its own documents or Confidential or Attorneys' Eyes Only Information to government agencies without a request or subpoena from those agencies without violating any term of this Order. Such disclosures shall not affect any designation of such documents as Confidential or Attorneys' Eyes Only Information pursuant to the terms of this Order as long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

20. **Responsibility of Counsel.** Counsel for the Parties to whom "Confidential" or Attorneys' Eyes Only Litigation Material has been provided shall be responsible for restricting disclosure in accordance with the provisions of this Order and for securing execution of and retaining the statement attached hereto as Exhibit A as and when required under the provisions of this Order.

21. **Modification of Order.** The Parties may agree to modify or amend this Order by written agreement. Upon written agreement, the Parties will file with the Court a joint motion to amend. No oral waivers of the terms of this Order shall be permitted among the Parties.

22. **Third-Party Material.** To the extent the Parties produce documents received from any Non-Parties that have been designated as Confidential" or Attorneys' Eyes Only, such documents shall be treated as such in accordance with the terms of this Order, and any deposition testimony concerning the contents of such documents shall likewise be treated as such in accordance with the terms of this Order.

23.    **Conclusion of Proceeding.**  The provisions of this Order shall continue in effect with respect to any Confidential or Attorneys' Eyes Only Litigation Material until expressly released in writing by the Party furnishing such material, and such effectiveness shall survive the final determination of this action.  Within 90 days of the final determination of this Action, including any appeal, all Confidential or Attorneys' Eyes Only Litigation Material, including all copies, derivations, and summaries thereof shall be either (a) returned to the disclosing Party or Non-Party; or (b) destroyed or deleted with a written certification of such disposition provided to the disclosing Party or Non-Party.  This paragraph includes the return or destruction or deletion of all Confidential or Attorneys' Eyes Only Litigation Material  provided to any Authorized Person, including Outside Experts.  However, counsel of record are permitted to retain a copy of their attorney file, including attorney work product, which may contain Confidential or Attorneys' Eyes Only information.  For purposes of this Order, the "final determination of this action" shall be deemed to be the later of (i) the service and filing of a voluntary dismissal with prejudice of all claims or other paper or pleading effectively denoting full settlement of all claims asserted in this Action; (ii) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, and reviews, if any, of this Action; or (iii) the expiration of all time limits under federal law for the filing of or application for all appeals, re-hearings, remands, trials, or reviews of this Action, including the time limits for the filing of any motions or applications for extension of time pursuant to applicable law.  The Parties and any Non-Party invoking the terms of this Order agree that the Court shall have continuing jurisdiction to enforce the terms of this Order over the Parties and any recipients of Confidential or "Attorneys' Eyes

19

Only Litigation Material  for enforcement of the terms of this Order following termination of this Action.

**SO ORDERED.**

Date: 5/10/17

G. Michael Harvey
U.S. Magistrate Judge

## EXHIBIT A - CONFIDENTIALITY AGREEMENT

1.      I have been provided with a copy of and agree to be bound by the terms of the Order in the proceeding styled *United States ex rel. Keaveney, et al. v. SRA International, Inc., et al.* Case No. 1:13-CV-855(EGS/GMH), pending in the United States District Court for the District of Columbia.

2.      I will make only such copies of or notes concerning documents designated "Confidential" or "Attorney's Eyes Only" as are reasonably necessary to enable me to render the assistance required in connection with this litigation, and all such notes and copies shall be preserved in a separate file maintained as confidential and marked for disposal or destruction upon completion of this action. Upon the final determination of this action, I shall promptly destroy all Confidential and Attorney's Eyes Only Litigation Materials provided to me as well as any notes or derivations thereof.

3.      I will not intentionally reveal the contents of Confidential or Attorney's Eyes Only Ligation Materials to any unauthorized person. I will not intentionally use Confidential or Attorney's Eyes Only Litigation Material for any purpose other than the prosecution or defense of claims in this action.

4.      I understand that failure to comply with the terms of this Order may result in civil liability against me to any party or person damaged thereby. I consent to the jurisdiction of the United States District Court for the District of Columbia (without any time limit) for the purpose of enforcing the terms of this Order even if such enforcement proceedings occur after termination of this action.


_____          Date: _____
Signature


_____
Printed Name